**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE:   Gregory Regnier | ) | Case No. |
| | ) | |
| | ) | |
| Plaintiff | ) | COMPLAINT |
| | ) | |
| | ) | |
| v. | ) | July Demand Requested |
| | ) | |
| Optimum Outcomes, Inc. | ) | |
| 2651 Warrenville Road, Suite 500 | ) | |
| Downers Grove, IL 60515 | ) | |
| | ) | |
| Defendant | ) | |

Now comes Plaintiff, by and through his attorneys, and, for her Complaint alleges as follows:

## INTRODUCTION

1. Plaintiff, Gregory Regnier, brings this action to secure redress from unlawful collection practices engaged in by Defendant, Optimum Outcomes, Inc.  Plaintiff allege violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2. The FDCPA makes clear that it is materially misleading to make false statements that affect the Consumer's decision making regarding a debt. 15 U.S.C. Section 1692e

## JURISDICTION AND VENUE

3. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).

4. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

5. Plaintiff, Gregory Regnier (hereinafter "Plaintiff") incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").

6. Plaintiff is a resident of the State of Illinois
7. Defendant, Optimum Outcomes, Inc. ("Defendant"), is an Illinois business entity with an address of 2651 Warrenville Road, Suite 500, Downers Grove, IL 60515 operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).
8. Unless otherwise stated herein, the term "Defendant" shall refer to Optimum Outcomes, Inc..
9. At some point, the original creditor, transferred this debt to Defendant for debt collection.

## ALLEGATIONS

10. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $976.05 (the "Debt") to an original creditor (the "Creditor")
11. The Debt was purchased, assigned or transferred to Defendant for collection, or Defendant was employed by the Creditor to collect to Debt.
12. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. Section 1692a(2).
13. On September 30, 2018, Defendant sent a communication to Plaintiff. See Exhibit A.
14. Plaintiff received this communication on or about October 5, 2018.
15. The letter states "[W]e have written you previously concerning your past due account with Centegra Hospital McHenry for services rendered. You did not make the requested payment. As a result, your account has been reported to the credit bureaus as delinquent. See Exhibit A.
16. Below that, said letter states "[U]pon payment in full, your account will be updated with the credit bureaus." See Exhibit A
17. In fact, no such report was ever made to the "credit bureaus" by Defendant regarding Plaintiffs said debt. See Exhibit B.
18. Defendant misled and deceived Plaintiff by the above statement from Defendant.

## STANDING AND INJURY

19. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.
20. Specifically, Plaintiff suffered a concrete informational injury as a result of Defendant's failure to provide truthful information in connection with its attempt to collect an alleged debt from Plaintiff.
21. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.
22. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, and frustration.

## VIOLATIONS OF THE FDCPA-15 U.S.C. SECTION 1692, et seq.

23. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
24. The Defendant's conduct violated 15 U.S.C. Section 1692e by making a materially misleading statement to Plaintiff regarding the debt.

## JURY DEMAND

25. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

26. Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:
    (1) Statutory damages;

    (2) Attorney fees, litigation expenses and costs of suit; and

    (3) Such other and further relief as the Court deems proper.

Respectfully submitted,

/s/ John Carlin
John P. Carlin #6277222
Suburban Legal Group, PC
1305 Remington Rd., Ste. C
Schaumburg, IL 60173
jcarlin@suburbanlegalgroup.com
Attorney for Plaintiff